UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
CUMIS SPECIALTY INSURANCE CO., INC.,   :
                                       :
                          Plaintiff,   :
                                       :      21cv11107 (DLC)
              -v-                      :
                                       :      OPINION AND ORDER
ALAN KAUFMAN,                          :
                                       :
                          Defendant.   :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Andrea Meghan Hall
Dentons US LLP
1999 Harrison Street
Suite 1300
Oakland, CA 94612

John Robert Vales
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020

For defendant:
Sari Vivienne Gabay
Gabay & Bowler
48 West 21st Street
Suite 1000
New York, NY 10010

DENISE COTE, District Judge:

    CUMIS Special Insurance Co., Inc. ("CUMIS") has brought

this lawsuit against Alan Kaufman, seeking a declaration that

its insurance policy with Kaufman does not require it to pay

Kaufman's legal expenses resulting from the appeal of his

criminal conviction.  CUMIS has moved for partial judgment on the pleadings.  For the following reasons, CUMIS's motion is granted.

## Background

Unless otherwise noted, the following facts are taken from the defendant's Answer and Counterclaims ("AC") and exhibits attached or incorporated thereto, and are assumed to be true for the purposes of this motion.  CUMIS issued Kaufman a Management & Professional Liability Policy (the "Policy") effective from April 30, 2016 to April 30, 2017.  The Policy covers the insured from "'loss' . . . as a result of any 'claim' first made during the 'policy period' against the 'insured person.'"  The Policy defines "loss" to include "defense costs," which encompass "reasonable attorneys' fees . . . incurred . . . as a direct result of defending a 'claim,' including any appeals."

The Policy excludes, however, "'loss' related to any 'claim' based upon . . . any deliberately dishonest, fraudulent, intentional or willful misconduct or act" (the "Dishonest or Willful Acts Exclusion").  This exclusion applies "only if a final adjudication establishes that such misconduct, act or violation was committed by the 'insured.'"  (Emphasis supplied.)  Similarly, the policy excludes any "claim" arising from the insured "gaining any profit, unjust enrichment, remuneration, or advantage that such 'insured' was not legally entitled but only

if a <u>final adjudication</u> establishes that the 'insured' was not
legally entitled to such profit" (the "Remuneration Exclusion").
(Emphasis supplied.)

On March 31, 2021, a jury in the Southern District of New
York convicted Kaufman of two counts of accepting a gratuity in
violation of 18 U.S.C. § 215(a)(2).  Section 215(a)(2) imposes
criminal penalties on an "officer, director, employee, agent, or
attorney of a financial institution" who "corruptly accepts or
agrees to accept, anything of value from any person, intending
to be influenced or rewarded in connection with any business
transaction of such institution."  Judgment against Kaufman was
entered on October 13, 2021.  Kaufman then appealed his
conviction to the United States Court of Appeals for the Second
Circuit.  That appeal remains pending.  <u>Kaufman v. United
States</u>, No. 21-2589.

Between October and December of 2021, Kaufman's counsel
requested that CUMIS advance legal fees to cover Kaufman's
appeal.  CUMIS, however, maintained that legal fees for
Kaufman's appeal were excluded under the Dishonest or Willful
Acts Exclusion and the Remuneration Exclusion.  CUMIS
nevertheless agreed to advance the fees, provided that Kaufman
agreed to repay any fees if they were determined to be excluded
from the coverage under the Policy.  Kaufman accepted CUMIS's
offer.  CUMIS has since paid for much of Kaufman's legal fees

incurred on appeal, although it has also rejected many invoices submitted after sentencing.

CUMIS filed this action on December 28, 2021, seeking a declaration that Kaufman's legal fees on appeal are excluded under the Dishonest or Willful Acts Exclusion and the Remuneration Exclusion, that coverage of such fees would violate public policy, and that CUMIS may recoup any post-sentencing legal fees it has paid.[1]  Kaufman filed an answer on February 25, 2022, bringing a counterclaim for anticipatory breach of contract, breach of the implied covenant of good faith and fair dealing, and a declaration that his legal fees on appeal are covered by the Policy.

On April 14, CUMIS filed a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking a declaration that Kaufman's conviction constitutes a "final adjudication" within the meaning of the Dishonest or Willful Acts Exclusion and Remuneration Exclusion, as well as a declaration that CUMIS is entitled to recoup the cost of post-sentencing legal fees that it has already paid.  The motion became fully submitted on June 10.  The case was transferred to this Court on August 17.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the plaintiff is a citizen of Iowa and Wisconsin, the defendant is a citizen of New York, and the amount in controversy exceeds $75,000.

## Discussion

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lively v. WAFRA Investment Advisory Group, Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted).  To survive a motion to dismiss for failure to state a claim, a complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076- 77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Unlike a motion to dismiss, however, a motion for judgment on the pleadings may be submitted by the plaintiff. Lively, 6 F.4th at 305.  "When a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario."  Id.

A court sitting in diversity jurisdiction must apply the substantive law of the forum state.[2]  Liberty Syngergistics Inc. v. Microflo Ltd., 718 F.3d 138, 152 (2d Cir. 2013) (citing

---

[2] New York law applies to this action because "[t]he parties' briefs assume that New York law controls." Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).  Additionally, New York law applies because "the principal location of the insured risk" was in New York, where Kaufman lived and worked. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 152 (2d Cir. 2008) (citation omitted).

Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427
(1996)).  "Where the substantive law of the forum state is
uncertain or ambiguous, the job of the federal courts is
carefully to predict how the highest court of the forum state
would resolve the uncertainty or ambiguity."  Yukos Cap.
S.A.R.L. v. Feldman, 977 F.3d 216, 241 (2d Cir. 2020) (citation
omitted).  In doing so, a court should "give fullest weight to
the decisions of a state's highest court and proper regard to
the decisions of a state's lower courts."  Id. (citation
omitted).

I.   Exclusions

CUMIS seeks a declaration that Kaufman's legal fees on
appeal are excluded by the Dishonest or Willful Acts Exclusion
and the Remuneration Exclusion.  Kaufman was convicted of
intentionally and corruptly accepting gratuities in exchange for
the provision of favorable loans and advertisement purchases.
See United States v. Kaufman, 19CR00504, 2021 WL 4084523, at *10
(S.D.N.Y. Sept. 8, 2021).  These acts constitute both a "willful
or intentional violation of any law," and the "gaining [of]
remuneration . . . that [the] 'insured' was not legally
entitled."  Because Kaufman's defense costs arose out of these
acts, they are excluded so long as they are established by a
"final adjudication."

Kaufman contends that there has been no "final adjudication" in his case because his appeal has yet to be decided.  Under New York law, however, it is "well settled that the imposition of the sentence constitutes the final judgment against the accused," and that "the finality of it is not changed by the pendency of the appeal." Dupree v. Scottsdale Ins. Co., 12 N.Y.S.3d 62, 63 (1st Dep't 2015) (finding that a sentence constituted a "final judgment" against an insured). Kaufman suggests that the Policy's term, "final adjudication," is distinct from "final judgment," and it therefore does not exclude legal fees incurred during appeal.  But Kaufman does not explain why these terms should be interpreted differently, and New York cases have used the terms interchangeably.  See id. (referring to a "final judgment"); Dupree v. Scottsdale Ins. Co., 947 N.Y.S.2d 428, 429 (1st Dep't 2012) (referring to a "final adjudication"); Vigiliant Ins. Co. v. Credit Suisse First Boston Corp., 782 N.Y.S.2d 19, 20 (1st Dep't 2004) (referring to "adjudication" and a "final judgment").

Kaufman points to several cases in which courts have required insurers to cover defenses costs through appeal.  None of those cases, however, was decided by a New York court, and none was resolved on the grounds that an exclusion applicable after a "final adjudication" takes effect only after the exhaustion of appeals.  See, e.g., Meadowbrook, Inc. v. Tower

Ins. Co., 559 N.W.2d 411 (Minn. 1997) (no exclusion asserted);
Iacobelli Constr. Co. v. W. Cas. & Sur. Co., 130 Mich. App. 255
(1984) (no exclusion asserted); Sun-Times Media Group., Inc. v.
Black, 954 A.2d 380, 397 (Del. Ch. 2008) (interpreting a
corporation's bylaws referencing the Delaware General
Corporation Law); Stein v. Axis Ins. Co., 216 Cal. Rptr. 3d 804,
812 (Cal. Ct. App. 2d. 2017) (insurer required to pay for appeal
notwithstanding a wrongful acts exclusion because the exclusion
expressly exempted "defense expenses").

Kaufman also argues that an insurer's duty to pay defense
expenses "ordinarily" continues through the prosecution of
appeals. City of West Haven v. Comm. Union Ins. Co., 894 F.2d
540, 545 (2d Cir. 1990). Cases articulating this duty, however,
do not involve policy exclusions that take effect upon a "final
adjudication." See, e.g., id.; Kaste v. Hartford Acc. & Indem.
Co., 170 N.Y.S.2d 614, 616 (1st Dep't 1958). There is no duty
to defend an appeal when the insurance contract excludes such a
duty.

Kaufman points to language in the Policy that defines
"defense costs" to include the cost of "any appeals," and
insists that CUMIS's reading of the exclusions would render this
language meaningless. But the Dishonest or Willful Misconduct
Exclusion and Remuneration Exclusion still leave room for
coverage of many kinds of appeals that do not involve a "final

adjudication" of the covered party's wrongdoing.  The Policy may

still cover, for example, civil appeals after the insured has

prevailed at trial, or appeals of criminal convictions that do

not involve unlawful remuneration or willful wrongdoing.  The

fact that the exclusions remove coverage for some appeals is not

inconsistent with language stating that defense costs include

"any appeals," as exclusions provide exceptions to generally

insured risk.  See 385 Third Ave. Assocs., L.P. v. Metropolitan

Metals Corp., 916 N.Y.S.2d 95, 97 (1st Dep't 2011) ("if any one

exclusion applies there can be no coverage" (citation omitted));

Rhinebeck Bicycle Shop, Inc. v. Sterling Ins. Co., 546 N.Y.S.2d

499, 502 (3rd Dep't 1989) (clear exclusions "take precedence

over other clauses which may describe or acknowledge general

areas of coverage.").

Finally, Kaufman argues that any ambiguity in the

exclusions should be resolved in his favor, or at least left

unresolved until summary judgment.  Kaufman has not shown,

however, that the exclusion is ambiguous.  See Dupree, 12

N.Y.S.3d at 63 ("it is well settled that the imposition of a

sentence constitutes the final judgment against the accused").

The interpretation of an unambiguous contract need not be

deferred to summary judgment, as "interpretation of an insurance

agreement is a question of law."  High Point Design, LLC v. LM

Ins. Corp., 911 F.3d 89, 93 (2d Cir. 2018) (citation omitted).

II.  Unclean Hands

Kaufman argues that CUMIS is not entitled to recoup its payments for post-sentencing defense costs because CUMIS has unclean hands.  Kaufman accuses CUMIS of failing to honor its agreement to advance defense costs during the appeal by denying many of his invoices in bad faith.

The doctrine of "unclean hands" closes off access to equitable relief for "one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 129 (2d Cir. 2009). The doctrine is "never used unless the plaintiff is guilty of immoral, unconscionable conduct."  Nat'l Distillers & Chemical Corp. v. Seyopp Corp., 17 N.Y.2d 12, 15 (1966).  "Unclean hands is an equitable defense to equitable claims."  Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 607 (2d Cir. 2005).  Whether a declaratory judgment action is legal or equitable depends upon the traditional action that would have been brought had the declaratory judgment action not been created.  Simler v. Conner, 372 U.S. 221, 223 (1963); Anesthesia Assocs. Of Mount Kisco, LLP v. N. Westchester Hosp. Ctr., 873 N.Y.S.2d 202, 204 (2nd Dep't 2009).

The doctrine of unclean hands is unavailable here because CUMIS's action is one at law, not at equity.  CUMIS seeks to determine how much it is owed under two contracts: the Policy,

and the agreement to advance defense fees on appeal.  This constitutes a legal action, to which the doctrine of unclean hands does not apply.  <u>See</u> <u>Simmler</u>, 372 U.S. at 223.  And even if the doctrine did apply, Kaufman has not plausibly alleged that CUMIS has unclean hands.  Although Kaufman has alleged that CUMIS disputed many invoices, the allegations do not show that CUMIS's dispute was made in bad faith, much less than it was "immoral" or "unconscionable."  <u>Nat'l Distillers & Chemical Corp.</u>, 17 N.Y.2d at 15.  Accordingly, the defense of unclean hands does not prevent CUMIS from recovering attorney's fees it has already paid.

### Conclusion

CUMIS's April 14 motion is granted.  CUMIS is not obligated to pay Kaufman's defense costs on appeal, and is entitled to recoup post-sentencing defense costs already paid.

Dated:    New York, New York
          September 28, 2022

_____
          DENISE COTE
United States District Judge