```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CUMIS SPECIALTY INSURANCE CO., INC.      :
                                         :
                        Plaintiff,       :
                                         :    21cv11107 (DLC)
            -v-                          :
                                         :    MEMORANDUM
ALAN KAUFMAN,                            :    OPINION AND ORDER
                                         :
                        Defendant.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Andrea Meghan Hall
Dentons
1999 Harrison Street
Suite 1300
Oakland, CA 94612

John Robert Vales
Dentons US LLP (NY)
1221 Avenue of the Americas
New York, NY 10020

For defendant:
Sara Vivenne Gabay
Gabay & Bowler
48 West 21st Street
Suite 1000
New York, NY 10010

Nelson Andrew Boxer
Petrillo Klein & Boxer LLP
655 Third Ave
22nd Floor
New York, NY 10017

DENISE COTE, District Judge:

On October 12, 2022, defendant Alan Kaufman moved for reconsideration of the Opinion of September 28 ("Opinion") granting the plaintiff's motion for judgment on the pleadings. For the following reasons, Kaufman's motion is denied.

On March 31, 2021, a jury in the Southern District of New York convicted Kaufman of two counts of accepting a gratuity in violation of 18 U.S.C. § 215(a)(2). Pursuant to a policy issued by CUMIS (the "Policy"), CUMIS covered Kaufman's defense costs during trial. After he was sentenced, Kaufman appealed his conviction, requesting that CUMIS advance legal fees to cover the appeal.

The parties disagreed, however, about whether the Policy excluded coverage for the appeal. CUMIS contends that Kaufman's legal fees on appeal fall within two of the Policy's exclusions: (1) an exclusion of "'loss' related to any 'claim' based upon ... any deliberately dishonest, fraudulent, intentional or willful misconduct or act" (the "Dishonest or Willful Acts Exclusion"); and (2) an exclusion of any "claim" arising from the insured "gaining any profit, unjust enrichment, remuneration, or advantage that such 'insured' was not legally entitled" (the "Remuneration Exclusion"). Kaufman emphasizes that these exclusions only apply after a "final adjudication" establishes the basis for the exclusion, and argues that his

2

criminal case has not been finally adjudicated until his appeal is resolved. CUMIS and Kaufman have agreed that CUMIS would provisionally cover Kaufman's legal fees on appeal, but that CUMIS could recoup any post-sentencing legal fees it has paid should a court determine that the Policy does not cover them.

On December 28, 2021, CUMIS filed this action, seeking a declaration that Kaufman's legal fees on appeal are excluded under the Policy. On April 14, 2022, CUMIS filed a motion for judgment on the pleadings. The case was transferred to this Court on August 17.

On September 28, this Court issued the Opinion. CUMIS Specialty Ins. Co. v. Kaufman, 21CV11107, 2022 WL 4534459 (S.D.N.Y. Sept. 28, 2022). The Opinion found that New York law considers a criminal trial to be finally adjudicated upon conviction, and therefore held that the Policy's exclusions precluded coverage of Kaufman's appeal costs. Id. at *3. The Opinion also rejected Kaufman's argument that the exclusions would render the Policy's coverage of "any appeals" superfluous, pointing out that certain kinds of appeals could still be covered because they would not fall within the scope of the exclusions. Id.

Kaufman has moved to reconsider the Opinion. The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation

omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Kaufman argues that the Opinion improperly relied on certain cases that denied coverage for the costs of appeals, because the insurance policies in those cases excluded coverage after a "final judgment." Kaufman distinguishes the Policy, which excludes coverage only after a "final adjudication" of wrongdoing (emphasis added).

Kaufman's argument need not be considered, as the same argument was already considered and rejected in the Opinion. As the Opinion explains, New York courts have drawn no distinction between the terms "final judgment" and "final adjudication." See Dupree v. Scottsdale Ins. Co., 12 N.Y.S.3d 62, 63 (1st Dep't 2015) (referring to a "final judgment"); Dupree v. Scottsdale

4

Ins. Co., 947 N.Y.S.2d 428, 429 (1st Dep't 2012) (referring to a "final adjudication"). Kaufman argues that these opinions do not support the plaintiff's position, because they both come from a case involving a policy that contains an exclusion applicable after a "final judgment." But the fact that New York courts use the term "final adjudication" even when referring to a policy that contains the term "final judgment" indicates that they do not distinguish between the terms. Moreover, even if New York courts had not used the phrases "final adjudication" and "final judgment" interchangeably, Kaufman has still failed to provide any reason why "final adjudication" should be interpreted differently from the term "final judgment" here.

Kaufman also argues that the Policy's language covering "any appeals" would be rendered meaningless if the exclusions applied before appeal. Again, this argument was raised in the defendant's opposition to judgment on the pleadings, and it need not be reconsidered here. As the Opinion explained, the language in the Policy covering appeals is not superfluous because the Policy still covers certain appeals, including appeals of civil cases in which Kaufman might have been victorious before the trial court, as well as appeals of cases "that do not involve unlawful remuneration or willful wrongdoing." CUMIS Specialty Ins. Co., 2022 WL 4534459, at *3.

Kaufman objects to this characterization of the Policy, arguing that the Dishonest and Willful Acts Exclusion excludes coverage not only for "willful wrongdoing," but also for any loss "resulting directly or indirectly from any deliberately dishonest, fraudulent, intentional or willful misconduct or act, or any willful or intentional violation of any law, statute, or regulation." Although the Opinion summarized this provision in its reference to "willful wrongdoing," Kaufman's more extensive quotation from the Policy does not undermine the Opinion's reasoning. The Policy's coverage of appeals is not rendered meaningless by the Dishonest and Willful Acts Exclusion because the Policy still covers the cost of appeals that do not fall within the scope of that (or any other) exclusion.

Kaufman has failed to raise new arguments not presented in the briefs on the motion for judgment on the pleadings, and his objections to the Opinion are unavailing. Kaufman's motion for reconsideration is therefore denied.

## Conclusion

The defendant's October 13, 2022 motion for reconsideration is denied.

Dated:   New York, New York
         October 18, 2022

                              _____
                              DENISE COTE
                              United States District Judge